HANLENBECK v. RILEY *et al.*

1. **Statute of limitations: FRAUD.** An action for relief on the ground of fraud must, under subdivision 4 of section 2740 of the Revision, be brought within five years from the discovery of the fraud or it will be barred by the staute of limitations.

2. —— ADVERSE POSSESSION. To constitute title by adverse possession, such possession must have continued for the full statutory period.

*Appeal from Johnson District Court.*

WEDNESDAY, SEPTEMBER 18.

SUIT in equity to correct a deed, made by the defendant, Alexander Riley, to the plaintiff, on the 8th day of June, 1857. Plaintiff alleges that he purchased of the defendant, prior to the date of the deed, a farm, and a certain

tract of timber land, forty acres, near thereto; that by the fraud or mistake of the defendant another tract of timber land adjoining the one purchased by him, was conveyed to him instead of the one he purchased; that he entered upon and cut timber from the tract he purchased, and continued to do so until about 1865; that about that time, the defendant, Solomon Riley, claimed to have purchased that tract and took and still holds possession of it, etc., with notice of plaintiff's title. He asks that the deed to Solomon Riley be set aside; that his deed may be corrected, title conveyed to him, and for damages, etc. The defendants deny the alleged fraud or mistake; aver that plaintiff has sold the land to one Stoner; that there has been no offer to reconvey the tract included in the deed to plaintiff; and also pleads and relies upon the statute of limitations, etc. Upon the trial, the court rendered judgment for plaintiff as prayed for. The defendants appeal. For further facts, see opinion.

*Edmonds & Ransom* for the appellants.

*Fariall, Boal & Jackson* for the appellee.

COLE, J. — We have read with care all the testimony in the case, and we could, without much trouble, concur with the district court in the finding of facts, that the plaintiff purchased the tract he claims, that the other tract was included in the deed by mistake, and that the defendant, Solomon Riley, purchased with knowledge of such facts. But, in our view, the plaintiff's cause of action is barred by our statute of limitations.

The deed was made June 8, 1857. The plaintiff himself testifies, that he first learned that the deed was incorrect in its description of the timber he bought of defendant, about six years after the deed was given. This would make it about June, 1863. And this action was not

brought till March, 1869, more than ten years after the deed was made, and more than five years after the plaintiff discovered the fraud or mistake. So that, if it is an action for the recovery of real property, it is barred by Revision, section 2740, subdivision 4, which enacts, that such actions must be brought within ten years; and if it is brought for relief on the ground of fraud (instead of a mistake) in thus making the deed, it is barred in five years after the discovery of the fraud by the party aggrieved, by Revision, section 2741.

But, it is insisted in argument, that the testimony shows that the plaintiff took possession of the tract of timber he now claims to have purchased, and used the same as his own, by cutting timber and wood thereon, and exercising acts of ownership over it, until about 1865, when the defendant Solomon Riley took and still holds possession of it; and that this possession inures to his benefit. The difficulty with plaintiff here is, that he now has neither title or possession. His deed does not show any title, for the land in controversy is not conveyed by it. His possession, which did not exceed eight years, does not show any title, for it was not continued long enough. If the plaintiff was still in possession of the land and was resisting an action by the holder of the legal title, with notice, he would, doubtless, be invulnerable. His equitable title and possession would constitute a complete shield, while, without possession, it has no power as a weapon of attack.

Reversed.